**Rene L. Valladares**
Federal Public Defender
District of Nevada

**Lori C. Teicher**
First Assistant

**Amy B. Cleary**
Assistant Federal Public Defender



411 E. Bonneville Ave.
Suite #100
Las Vegas, NV 89101
Tel: 702-388-6577

November 22, 2022

Ms. Molly C. Dwyer, Clerk of the Court
United States Court of Appeals for the Ninth Circuit
The James R. Browning Courthouse
95 7th Street
San Francisco, California 94103

    Re:   *United States v. Carrillo-Lopez,* No. 21-10233
           Oral Argument scheduled for December 8, 2022 (Pasadena)

Dear Ms. Dwyer:

    Carrillo-Lopez responds to *United States v. Barcenas-Rumualdo*, __ F.4th __, 2022 WL 17072285 (5th Cir. Nov. 18, 2022), as it is not persuasive.

    First, the *Barcenas-Rumualdo* majority reached its conclusion by relying on the Fifth Circuit's decision in *Harness v. Watson*, 47 F.4th 296 (5th Cir. 2022) (en banc), *petition for cert. filed*, U.S. No. 22-412. *Id.* at *4–5.

    However the *Barcenas-Rumualdo* dissent relied on the same Supreme Court precedent Carrillo-Lopez cites to "disagree with the conclusion that 8 U.S.C. § 1326 does not violate the principles of equal protection." *Id.* at *7 (citing *Harness*, 47 F.4th at 317 (Graves, J., dissent, joined by Stewart, J., Dennis, J., Higginson, J., and Costa, J.) (discussing *Abbott v. Perez*, 138 S. Ct. 2305 (2018); *Hunter v. Underwood*, 471 U.S. 222 (1985))). AB-22, 37–48, 68–70.

Second, *Barcenas-Rumualdo* did not decide whether *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252 (1977), or rational basis applies. Applying *Arlington Heights* here will therefore not create a circuit split on the standard of review.

Third, while the *Barcenas-Rumualdo* majority held reenactment may cleanse a racist law of its discriminatory intent, this conclusion contradicts Supreme Court precedent. AB-41–48, 70–72; Amici Curiae Brief of Aoki Center, et al., Dkt. 37.

Fourth, even if reenactment could cleanse a racist law of its discriminatory intent, *Barcenas-Rumualdo* was not presented with the extensive evidence and arguments presented in either Carrillo-Lopez's case or in *United States v. Rodrigues-Barios*, 9th Cir. No. 21-50145. *Barcenas-Rumualdo* thus did not confront the 1950 Senate report underlying the 1952 reenactment or its repeated racists statements denigrating Latino immigrants. AB-13, 17, 55, 61–63 (addressing S. Rep. 81-1515 (1950)). Nor did it have access to the unrebutted expert witness testimony, Congressional records, and other historical documents in Carrillo-Lopez's record. The historical record and briefing in this case and *Rodrigues-Barios* thus differ substantially from *Barcenas-Rumualdo*.

Fifth, unlike the record in *Barcenas-Rumulado,* Carrillo-Lopez demonstrated that Congress also adopted amendments to § 1326 with racial animus, allowing this Court to infer Congress's collective discriminatory intent. AB-70–71, n.22 (citing 2-ER-171–173).

    Sincerely,

    *s/ Amy B. Cleary*

    Amy B. Cleary
    Assistant Federal Public Defender
    Counsel for Carrillo-Lopez

cc: Dean Erwin Chemerinsky
    AFPD Ellesse Henderson
    AFPD Wendi L. Overmyer
    Scott Misner